IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WISCONSIN PUBLIC SERVICE CORP., ) <br> ) <br> Defendant. ) | Civil Action No. 21-cv-211 |

**COMPLAINT**

The United States of America, by authority of the Attorney General of the United States, acting at the request and on behalf of the United States Environmental Protection Agency ("EPA"), through the undersigned attorneys, files this complaint and alleges as follows:

STATEMENT OF THE CASE

1. This is a civil action brought by the United States for injunctive relief and recovery of costs against Defendant Wisconsin Public Service Corp. ("WPSC" or "Defendant"), pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA").

2. The United States seeks injunctive relief requiring the Defendant to abate conditions at Operable Unit 1 ("OU1") of the WPSC Manitowoc MGP Superfund Alternative Site in Manitowoc County, Wisconsin (hereinafter the "Site"). These conditions may present an

imminent and substantial endangerment to the public health or welfare or the environment, because of actual or threatened releases of hazardous substances into the environment at and from the OU1 area at the Site.

3. The United States has incurred response costs and expects to continue to incur response costs for activities undertaken in response to the release and/or threatened release of hazardous substances at and from the Site.

4. The United States also seeks a declaratory judgment, pursuant to CERCLA Sections 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring that the Defendant is liable for any future costs that the United States may incur in connection with response actions performed at the Site.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to Section 113(b) and (e) of CERCLA, 42 U.S.C. §§ 9613(b) and (e), and 28 U.S.C. §§ 1331 and 1345.

6. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C.§ 9613(b), and 28 U.S.C. §§ 1391(b) and (c), because the claims arose and the threatened and actual releases of hazardous substances occurred in this district.

## THE SITE AND ITS OPERABLE UNITS

7. The Manitowoc MGP Site encompasses approximately two acres within the City of Manitowoc, Manitowoc County, Wisconsin. It includes the area where a former manufactured gas plant was located and operated by Wisconsin Fuel & Light Company, a predecessor in interest to WPSC, from the early 1900s through 1947. The operation of the manufactured gas plant generated various byproducts and wastes, such as coal tar, wastewater sludge, and nonaqueous phase liquid. The wastes from the manufactured gas plant resulted in the

contamination now found at the Site, which includes benzene, a volatile organic compound, and naphthalene, a polynuclear aromatic hydrocarbon.

8. The Site also includes surrounding areas where contaminated groundwater, soil, and river sediment have come to be located. The manufactured gas plant was the source of hazardous substances that contaminated the Site, and remain at portions of the Site.

9. EPA has organized the Site into separate Operable Units for purposes of determining appropriate remedial design and remedial action at each Operable Unit. OU1 is one such Operable Unit.

10. On September 21, 2018, EPA issued a Record of Decision ("ROD") for OU1 to address soil and groundwater source control at the Site. The remedial activities included in the ROD include in-situ soil stabilization, removal of certain contaminated soils, continued operation of a groundwater pump and treat system, and application of contact barriers over contaminated soils, among other things.

## GENERAL ALLEGATIONS

11. The Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

12. The Defendant is: (i) an owner and/or operator of a facility from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(1), 42 U.S.C. § 9607(a)(1); and (ii) a person (and/or successor to a person) who, at the time of disposal of a hazardous substance, owned and/or operated a facility at which such hazardous substances were disposed and from which there were releases of hazardous substances, which

caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

13. The property owned and operated by Defendant at the Site is a "facility" within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

14. The Site is a "facility" within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

15. At times relevant to this action, there have been "releases" and "threatened releases" of "hazardous substances" from the property owned and/or operated by the Defendant, and into the environment, within the meaning of CERCLA Sections 101(14), 101(22), and 107(a), 42 U.S.C. §§ 9601(14), 9601(22), and 9607(a). More specifically, there have been "releases" and "threatened releases" of benzene and naphthalene, which are "hazardous substances" within the meaning of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

16. The United States has incurred response costs relating to the Site -- within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25) -- in responding to releases and threatened releases of hazardous substances into the environment at the Site.

17. The response costs relating to the Site were incurred by the United States in a manner not inconsistent with the National Contingency Plan, which was promulgated under CERCLA Section 105(a), 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

FIRST CLAIM FOR RELIEF
(Cost Recovery Under CERCLA Section 107, 42 U.S.C. § 9607)

18. Paragraphs 1-17 are realleged and incorporated herein by reference.

4

19. Pursuant to CERCLA Sections 107(a), 42 U.S.C. § 9607(a), the Defendant is liable to the United States for all unreimbursed response costs incurred by the United States in connection with the Site, including enforcement costs, prejudgment interest on such costs.

## SECOND CLAIM FOR RELIEF
(Declaratory Judgment for Further Costs Under CERCLA Sections 107(a) and 113(g)(2), 42 U.S.C. §§ 9607(a) and 9613(g)(2))

20. Paragraphs 1-17 are realleged and incorporated herein by reference.

21. The Defendant is liable to the United States for any unreimbursed further response costs that the United States incurs in connection with contamination at the Site, not inconsistent with the National Contingency Plan, pursuant to CERCLA Sections 107(a) and 113(g)(2), 42 U.S.C. §§ 9607(a) and 9613(g)(2).

## THIRD CLAIM FOR RELIEF
(Claim for Injunctive Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

22. Paragraphs 1-17 are realleged and incorporated herein by reference.

23. There is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment from OU1 at the Site.

24. Pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), the Defendant is subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment at and from OU1 of Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States, respectfully requests that this Court:

1. Enter judgment in favor of the United States and against the Defendant, for all response costs incurred by the United States, including prejudgment interest, for response actions in connection with the Site, including response costs incurred in connection with OU1;

2. Enter a declaratory judgment in favor of the United States and against the Defendant pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that the Defendant is liable for future costs of any response actions that may be performed at the Site;

3. Order the Defendant to abate the conditions at OU1 at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment;

4. Award the United States its costs of this action; and

5. Grant such other and further relief as the Court deems just and proper.

FOR THE UNITED STATES OF AMERICA:

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: February 18, 2021     s/Bonnie A. Cosgrove
BONNIE A. COSGROVE
Trial Attorney, Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
450 Golden Gate Ave, Suite 07-6714 (U.S. mail)
San Francisco, CA 94102

MATTHEW D. KRUEGER
United States Attorney
By: SUSAN KNEPEL
Assistant United States Attorney
Wisconsin State Bar No. 1016482
517 E. Wisconsin Ave, Rm. 530
Milwaukee, WI 53202